# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| JAMES G. AKERS, | ) |
| Plaintiff, | ) |
| | ) No. 3:21-cv-00693 |
| v. | ) JUDGE RICHARDSON |
| GREGORY FUNDING et al., | ) |
| Defendants. | ) |

## ORDER

Pending before the Court is Plaintiff's "Motion for Emergency Temporary Restraining Order" (Doc. No. 2, "Motion"). For the reasons discussed below, the Motion will be denied as to Plaintiff's request for a Temporary Restraining Order ("TRO").

## BACKGROUND

As he describes himself, Plaintiff is a 71-year-old man, living in Nashville with his wife (Doc. No. 3 at 5). In the memorandum in support of the present Motion, Plaintiff alleges that Defendants are each somehow involved with the "Substitute Trustee's Sale" of Plaintiff's property located at 543 Richmar Drive, Nashville, TN 37211 (*Id.* at 2). The sale is scheduled for September 8, 2021 at 10:00am (*Id.* at 3). Plaintiff requests the Court issue a TRO to stop Defendants from continuing forward with the sale.

## ANALYSIS

Plaintiff, who is proceeding *pro se*, initiated this action today, filing a complaint together with the Motion and his brief in support thereof. As an initial matter, the Court must determine

whether it has subject matter jurisdiction over this action.[1] "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute . . . It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); *see also Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986) ("Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto.").

> The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Section 1331 provides for "[f]ederal-question" jurisdiction, § 1332 for "[d]iversity of citizenship" jurisdiction. A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim "arising under" the Constitution or laws of the United States. She invokes § 1332 jurisdiction when she presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000. See § 1332(a) . . . [C]ourts, including this Court, have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.

*Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513-14 (2006). It is important to note, given that this case is not a class action, that "[u]nder § 1332(a)(1), the traditional grant of diversity jurisdiction, all plaintiffs must be citizens of States different from all defendants." *Roberts v. Mars Petcare US, Inc.*, 874 F.3d 953, 955 (6th Cir. 2017).

More specifically regarding diversity jurisdiction, under 28 U.S.C. § 1332(a)(1), the Court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" between citizens of different states. 28 U.S.C. § 1332(a)(1). "The party invoking federal court jurisdiction . . . has the burden of demonstrating by

---

[1] Federal courts have a duty to review each case for subject-matter jurisdiction and can raise the issue *sua sponte*. *See Answers in Genesis of Kentucky, Inc. v. Creation Ministries Intern., Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009). *See also In re Lee*, 880 F.3d 242, 243 (6th Cir. 2018) ("[W]e can—and must—determine whether we have subject-matter jurisdiction over a case before proceeding at all."); *Welch v. Coffman*, 8 F. App'x 435, 436 (6th Cir. 2001) (finding that a district court properly raised the question of subject matter jurisdiction *sua sponte* in deciding to dismiss a case).

competent proof that the complete-diversity and amount-in-controversy requirements are met." *Cleveland Hous. Renewal Project v. Deutsche Bank Trust Co.*, 621 F.3d 554, 559 (6th Cir. 2010) (citing *Hertz Corp. v. Friend*, 559 U.S. 77 (2010)). Diversity of citizenship means that the action is between "citizens of different States." 28 U.S.C. § 1332(a). And, as noted above, a federal court has jurisdiction under § 1332 only if there is "complete diversity between all plaintiffs and all defendants." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) (citations omitted).

Plaintiff alleges that that this Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 65(b). Unfortunately for him, neither 28 U.S.C. § 2201 nor Fed. R. Civ. P. 65(b) provide a basis for a federal court to exercise subject-matter jurisdiction over an action. U.S.C. § 2201 is part of the Declaratory Judgment Act, but the Act "does not provide an independent basis of jurisdiction, thus, a court can only hear a declaratory judgment action when it is founded upon an independent ground of jurisdiction." *U.S. Specialty Ins. Co. v. Payne*, 387 F. Supp. 3d 853, 859 (E.D. Tenn. 2017) (citing *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950)). And Fed. R. Civ. P. 65(b) merely outlines the requirements for a Court to grant a TRO.

Moreover, the Court does not independently discern a basis for subject-matter jurisdiction. Plaintiff asserts no claim under federal law or the United States Constitution. And Plaintiff has done nothing to show that there are no defendants who are citizens of Tennessee as he is. Therefore, although the Court does not dispute that Plaintiff has alleged an amount in controversy in excess of $75,000, the Court concludes that Plaintiff has not met his burden of showing complete diversity of citizenship.

After reviewing the Motion and the Plaintiff's complaint *sua sponte*, the Court finds that the Plaintiff has not properly established a basis for the Court to exercise subject-matter jurisdiction over this action. Therefore, it cannot grant the relief he requests via the Motion.[2]

### **CONCLUSION**

For these reasons, the Court concludes that Plaintiff has failed to establish that this Court has subject-matter jurisdiction over the claims in this case. Accordingly, Plaintiff's Motion is **DENIED for lack of showing of jurisdiction**.[3] Plaintiff may refile his motion if he is able to explain why this Court has diversity jurisdiction given the citizenship of the defendants who are currently named on his current claims in this suit.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

---

[2] Obviously, a lack of subject-matter jurisdiction would be fatal to the entire action, and not just the Motion. But technically, the Court is issuing an order only as to the Motion, and not as to the action as a whole, which potentially could be addressed via a subsequent order. This bifurcation by the Court is necessitated in part by the Court's sincere desire to get out an order just as the Court closes down for a long holiday weekend; the Court is very sensitive to the prospect of members of our community losing their homes, and thus it has endeavored to ensure that an order is issued to end as soon as possible any false hope Plaintiff may unfortunately have held that the Motion is an avenue for him to keep his home. The way our laws and Constitution work, it simply is not at the present time; if he is entitled to relief, based on the current record it would have to be granted by a state, not federal, court.

[3] The Court wishes to emphasize that it is not speaking to the merits of the present action, because it has no jurisdiction to do so. The Court's sole purpose here is to note, and advise Plaintiff as quickly as possible given his reported circumstances, that on the current record in this case it cannot grant the Motion, because it lacks judicial power to grant him any relief. The Court believes that the prohibition against a federal court acting absent subject-matter jurisdiction does not prevent it from acting to the very limited extent of saying that it cannot and will not take any substantive action (like granting a TRO), due to lack of jurisdiction.