IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JAMES G. AKERS | ) |
| | ) |
| v. | ) NO. 3:21-00693 |
| | ) |
| GREGORY FUNDING, et al. | ) |

**TO: Honorable Eli Richardson, District Judge**

# R E P O R T   A N D   R E C O M E N D A T I O N

This *pro se* civil case has been referred to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72 of the Federal Rules of Civil Procedure, and the Local Rules of Court. *See* Order September 8, 2021 (Docket Entry No. 13).

Presently pending before the Court are the motion to dismiss (Docket Entry No. 18) filed by Defendants Gregory Funding and AJAX Mortgage Loan Trust 2019-F, Mortgage-Backed Securities, Series 2019-F, by U.S. Bank National Association, as Indenture Trustee. The motion is opposed by Plaintiff. For the reasons set out below, the undersigned respectfully recommends that the motion be granted.

## I. BACKGROUND

James G. Akers ("Plaintiff") is a resident of Nashville, Tennessee. On September 3, 2021, he initiated this lawsuit by filing a *pro se* Emergency Petition for Declaratory and Injunctive Relief against several defendants. He alleges that the defendants were fraudulently involved with a "Substitute Trustee's Sale" of property located at 543 Richmar Drive, Nashville, Tennessee ("the Property"), which Plaintiff asserts is his residence. *See* Emergency Petition

(Docket Entry No. 1). Plaintiff sought a court order to stop the sale, which was scheduled for September 8, 2021, by filing a Motion for Emergency Temporary Restraining Order ("TRO Motion") along with his initial pleading. *See* TRO Motion (Docket Entry No. 2). The Court undertook expeditious review of the TRO Motion and denied the motion because Plaintiff failed to establish a basis for federal subject-matter jurisdiction. *See* Order entered September 3, 2021 (Docket Entry No. 8).

Plaintiff thereafter filed an Amended Emergency Petition for Declaratory and Injunctive Relief ("Amended Complaint") on September 7, 2021. *See* Docket Entry No. 9. The Amended Complaint largely tracks the original pleading but also includes allegations pertaining to federal subject-matter jurisdiction and drops two defendants.[1] In conjunction with the amended pleading, Plaintiff filed an Amended Motion for Emergency Temporary Restraining Order ("Amended TRO Motion)." *See* Docket Entry 10.

By the Order entered September 8, 2021, the Court found that the Amended Complaint sufficiently alleges a basis for federal subject-matter jurisdiction because it contains allegations, which when liberally construed, support diversity jurisdiction and, in addition, asserts federal question jurisdiction because Plaintiff invokes Section 1692k(d) of the Federal Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq*. *See* Docket Entry No. 13 at 2. The Court nonetheless denied Plaintiff's Amended TRO Motion, finding that Plaintiff failed to meet the procedural and substantive requirements for the issuance of a temporary restraining order. *Id*. at 3-4.

---

[1] Bank of America Corporation and Wheelhouse Partners, LLC, were dropped as defendants. *See* Amended Complaint at 7-8, ¶ 12.

As the lawsuit currently stands, there are three defendants: Gregory Funding ("Gregory"); Wilson & Associates, PLLC ("Wilson & Associates"); and U.S. Bank, N.A., "'for and on behalf of the Ajax Mortgage Loan Trust 2019-F, Mortgage-Backed Securities by U.S. Bank N.A.' as successor-in-interest for former 'Ajax Mortgage Loan Trust II, a Delaware Trust, Wilmington Savings Fund Society, FSB, Trustee'" ("U.S. Bank"). In lieu of an answer, Defendants Gregory and U.S. Bank have jointly filed the pending motion to dismiss. Defendant Wilson & Associates has filed an answer. *See* Docket Entry No. 14. A scheduling order has not been entered in the case pending resolution of the motion to dismiss, and there are no motions pending in the case other than the motion to dismiss.

The lawsuit centers upon a first mortgage on the Property that was entered into in 2003 by Plaintiff's wife, Deborah Akers. Although Plaintiff was not a party to the underlying promissory note that was signed by his wife, he was a signatory on the deed of trust for the Property that was contemporaneously executed to secure the mortgage note, *see* Docket Entry No,. 1-1 at 31-45, and he alleges that on May 6, 2015, he "purchased all lawfully remaining interests of Deborah L. Akers," pursuant to "Title 15 U.S.C. § 1701j-3(d)(6)."[2] *Id*. at ¶ 25. In the nearly two decades since 2003, the note and deed of trust were transferred to a succession of different entities, *see* Amended Complaint at ¶¶ 15-24, ending with U.S. Bank as the current holder of the mortgage and Gregory as the loan servicer for U.S. Bank. *Id*. at ¶¶ 9-10.

---

[2] The federal statute referenced by Plaintiff does not exist. To the extent that Plaintiff meant to refer to 12 U.S.C. § 1701j-3(d)(6), this statute does not provide a method for the transfer of legal interests, but merely provides that a secured lender cannot exercise its contractual rights pursuant to a due-on-sale clause upon the transfer of certain residential property from the borrower to the borrower's spouse or children. There is no assertion in the Amended Complaint that any Defendant asserted rights under a due-on-sale clause.

3

Plaintiff contends that the mortgage underwent a series of fraudulent transfers among various entities beginning in 2011 and that any assertion by Gregory and U.S. Bank that they have a valid legal interest in the Property is therefore flawed and legally unenforceable. *Id*. at ¶¶ 3, 24, 27, and 31. Based upon his allegations that neither Defendant has any legal rights regarding the Property and no legal rights to pursue the sale of the Property, he seeks injunctive relief to stop Defendants from pursuing the foreclosure sale and from asserting any rights to the Property and an order to compel them to prove that they have a valid legal interest in the Property. *Id*. at pp. 12-14. He also requests a declaratory judgement "clearly defining" the respective legal rights of the parties to the Property, as well as attorney fees and costs. *Id*. at p. 15.[3]

## II. MOTION TO DISMISS AND RESPONSE

U.S. Bank and Gregory (hereinafter referred to collectively as "Defendants") move to dismiss this action under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. Initially, Defendants assert that Plaintiff's request for injunctive relief has become moot because the Property was sold to a third party at a foreclosure sale was conducted on September 8, 2021, and a Trustee's Deed memorializing the sale was

---

[3] Although Mrs. Akers is not a plaintiff in this lawsuit, she has previously, and unsuccessfully, pursued litigation about the Property and mortgage that are at issue. In 2017, she filed a voluntary petition for bankruptcy protection that listed the mortgage loan as a disputed debt. *In re Deborah L. Akers*, Case No. 3:17-bk-04635 ("2017 Bankruptcy Case"). This case was dismissed in 2018 for her failure to attend the meeting of creditors.

During the pendency of the 2017 Bankruptcy Case, she brought a federal lawsuit against several defendants, including Gregory and AJX Mortgage Trust II, seeking to prevent them from pursuing a foreclosure on the Property and from asserting bankruptcy claims related to the mortgage loan. *Akers v. Edmonsdon, Sr., et al.*, 3:18-00212. This case was dismissed without prejudice in February 2018 for lack of federal subject matter jurisdiction. Plaintiff also filed an unsuccessful appeal from two orders entered in the 2017 Bankruptcy Case. *Akers v. Henry Hildebrand, III, et al.*, 3:17-01470. One of the bankruptcy orders that was affirmed was an order that found that Gregory

4

recorded with the Davidson County Register of Deeds on September 20, 2022. Defendants further note that there are no actual legal claims for relief that are specifically pled in the Amended Complaint. Defendants argue that, even if the Court liberally construes the Amended Complaint to assert a claim under the FDCPA or a claim for fraud, Plaintiff's allegations fail to support such claims for relief. Finally, Defendants argue that, given Plaintiff and his wife's history of failed litigation related to the mortgage on the Property,[4] the doctrine of *res judicata* bars Plaintiff's assertion that Defendants cannot enforce the mortgage loan, bars any ostensible fraud claim, and conclusively establishes that Plaintiff lacks standing to pursue claims arising from the mortgage loan. *See* Memorandum of Law in Support of Motion to Dismiss (Docket Entry No. 19). Defendants attach to their motion: (1) a copy of the trustee's deed recorded subsequent to the foreclosure sale (Docket Entry No. 19-1); (2) a 2 page summary of litigation by the Akers' (Docket Entry No. 19-2); and, (3) copies of several court filings made in Mrs. Akers' bankruptcy and civil cases (Docket Entry Nos. 19-3 through 19-8).

Plaintiff responds in opposition to the motion to dismiss with a brief response (Docket Entry No. 21) and a supporting memorandum (Docket Entry No. 22), to which he attaches 216 pages of various documents (Docket Entry Nos. 22-1 through 22-8). Plaintiff argues that Defendants are either unable to comprehend or refuse to acknowledge the "controlling laws" with respect to the foreclosure sale," which he contends are: 12 U.S.C. § 2605; 15 U.S.C. §§ 1692,

---

and AJX Mortgage Trust II had standing to enforce a lien upon the Property. *See* Memorandum and Order entered September 21, 2018, in *Akers v. Hildebrand*.

[4] In their supporting memorandum, Defendants summarize Mrs. Akers history of litigation as well as: (1) Plaintiff's 2012 federal case against a prior servicer for the mortgage loan that was dismissed because of Plaintiff's lack of standing, *Akers v. Specialized Loan Servicing, LLC,* 3:12-00901; (2) Plaintiff's failed attempt to appeal the affirmance of the bankruptcy orders entered in his wife's 2017 Bankruptcy case; and, (3) Plaintiff's two unsuccessful state court cases against Gregory

5

1951, and 1957; 18 U.S.C. §§ 371, 514, 1006, 1341, and 1343; Uniform Commercial Code § 3-203(b), *Scott v. Trott Law, P.C.*, 760 Fed.App'x 387, 393 (6th Cir. 2019), and *Obduskey v. McCarthy & Holthus LLP*, __U.S.__, 139 S.Ct. 1029, 203 L.Ed.2d 390 (2019). *See* Memorandum at 1-2. He further asserts that facts relevant to the case that have occurred subsequent to September 7, 2021, are detailed within the documents that he attaches to his response. *Id*. at 2. He finally argues that he and his wife will sustain a financial loss "as the proximate result of the blatant corruption" within Gregory, and with the help of U.S. Bank and Wilson & Associates, if "the unmistakably unlawful" foreclosure sale is permitted to stand. *Id*. at 3.

Defendants' reply (Docket Entry No. 23) is also before the Court. Defendants contend that nothing set out in Plaintiff's response requires the denial of their motion to dismiss.

### III. STANDARD OF REVIEW

A motion under Rule 12(b)(6) seeking dismissal for failure to state a claim upon which relief can be granted is reviewed under the standard that the Court must accept all of the well-pleaded allegations contained in the complaint as true, resolve all doubts in Plaintiff's favor, and construe the complaint liberally in favor of the *pro se* Plaintiff. *See Kottmyer v. Maas*, 436 F.3d 684 (6th Cir. 2006); *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999); *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 11-12 (6th Cir. 1987). Plaintiff's factual allegations must be enough to show a plausible right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-61 (2007). The complaint must contain either direct or inferential factual allegations that are sufficient to sustain a viable theory of recovery. *Id*.; *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436-37 (6th Cir. 1988). To state a plausible claim for relief, the alleged facts

---

related to enforcement of the mortgage loan. *See* Docket Entry No. 19 at 2-6.

must provide "more than a sheer possibility that a defendant has acted unlawfully." *Mik v. Federal Home Loan Mortg. Corp.*, 743 F.3d 149, 157 (6th Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

In review of a motion to dismiss, documents attached to a motion to dismiss may be considered if they are referred to in the complaint and are central to the claims contained therein. *See Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). The Court may also take judicial notice of a party's submission of public records. *See New Eng. Health Care Emples. Pension Fund v. Ernst & Young, LLP*, 336 F.3d 495, 501 (6th Cir. 2003). In the instant action, the Court has thus appropriately considered the majority of the documents submitted by the parties that are: (1) court filings; (2) filings that are matters of public records; and, (3) documents referenced in the complaint that are central to the case and were generated either in conjunction with the mortgage loan or the foreclosure sale. The Court has not considered the summaries or self-created compilations of information that have been submitted by the parties as those are not appropriate for Rule 12(b)(6) review.

## IV. ANALYSIS AND CONCLUSIONS

After review of the parties' filings, the Court finds that the motion to dismiss should be granted. Plaintiff's lawsuit suffers from fatal shortcomings that simply cannot be overlooked and that require the dismissal of this case.[5]

First, as found by the Court in the September 8, 2021, Order, the Amended Complaint has no clearly-defined causes of action. *See* Docket Entry No. 13 at 4. There are no specific legal

---

[5] While Defendants correctly assert that Plaintiff's request for injunctive relief to stop the foreclosure sale has become moot because of the completion of the foreclosure sale, they do not argue that the case has become moot. S*ee* Memorandum of Law at 2. Thus, the Court declines to

7

Case 3:21-cv-00693　　Document 24　　Filed 04/18/22　　Page 7 of 13 PageID #: 596

causes of action actually asserted in the Amended Complaint, let alone allegations of factual conduct on the part of Defendants that are linked to a specific cause of action.

Although Plaintiff makes a reference in the Amended Complaint to his lawsuit being brought pursuant to Section 1692k(d) of the FDCPA, this provision is merely a jurisdictional provision and is not a substantive provision of the Act which supports an actual claim. Furthermore, as noted by the Court previously, *see* Docket Entry No. 13 at 4, the FDCPA does not authorize declaratory or injunctive relief in private actions. *Anarion Invs., LLC v. Carrington Mortg. Servs.*, No. 3:14-cv-00012, 2014 WL 12642118, at *6 (M.D. Tenn. June 4, 2014) (collecting cases). Thus, even if Plaintiff had adequately set out what provision of the FDCPA he believes was violated and facts supporting the alleged violation, he would still fail to plead a viable claim given that he requests only injunctive and declaratory relief.

The closest thing in the Amended Complaint to the assertion of a legal cause of action is Plaintiff's statement that he "is attaching three documents incorporating herein numerous particularly relevant attachments and exhibits which: (i) expose the propensity of those named defendants to blatantly ignore and/or skirt particularly applicable provisions of the U.S. Codes, Tennessee Codes, U.C.C. Regulation and Fair Debt Collection Practices Act." *See* Amended Complaint at ¶ 28. Such a conclusory and vague statement, however, falls woefully short of stating a legal claim. While the Court is required to give *pro se* pleadings some measure of a liberal construction, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), *pro se* litigants are not relieved of the duty to develop claims with an appropriate degree of specificity. *Kafele v. Lerner, Sampson & Rothfuss, L.P.A.*, 161 Fed.App'x 487, 491 (6th Cir. 2005). It is not the Court's duty to

---

address this issue.

ferret out from attachments to a pleading the potential claims that might exist, *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to ... put flesh on its bones."), or to create for a party claims that are not actually pled. *Bell v. Tennessee*, 2012 WL 996560, at *9 (E.D. Tenn. March 22, 2012) (quoting *Thompson v. A.(J. Rose Mfg. Co.*, 208 F.3d 215 (6th Cir. 2000). ("This Court is not 'required to create [Plaintiff]'s claims for him,' because '[t]o do so would requir[e the] courts to explore exhaustively all potential claims of a *pro se* plaintiff.'").

Although Plaintiff lists in his response several specific statutory provisions and two court cases, presumably in place of the vague statement in his Amended Complaint, this does not cure the deficiency of his pleading. A plaintiff may not amend its complaint via a response in opposition to a motion to dismiss. *See Orea Energy Group, LLC v. East Tennessee Consultants, Inc.*, 2009 WL 3246853, at *3 (E.D. Tenn. Oct. 6, 2009). Further, even if the Court permitted the vague statement to be clarified by the response, his clarified statement is still insufficient to state a claim for relief because Plaintiff does not actually set out plausible violations of these provisions. A cursory reference to a "violation" of a statute fails to state a claim for relief. *See Hutchens v. Bank of Am. N.A.*, 2012 WL 1618316, at *7 (E.D.Tenn. May 9, 2012) (plaintiffs failed to state a claim for relief when they did not allege what, if any, provision of the TILA was violated by any defendant or how any defendant violated that provision); *Marshall v. Mortgage Electronic Registrations Sys.*, 2010 WL 3790248, at *4 (E.D.Mich. Sept.22, 2010) (the plaintiff's *pro se* status does not permit the court to conjure up a claim when the plaintiff failed to point to any particular provision of RESPA upon which her

9

RESPA claim was based). In the end, finding a claim for relief still requires the Court to construct Plaintiff's claim for him.

To the extent that Plaintiff's lawsuit is based upon allegations of fraud, his allegations against Defendants are conclusory and insufficient. Fraud must be pled with particularity, as required by Federal Rule of Civil Procedure 9(b). Rule 9(b) provides that, in alleging fraud, "a party must state with particularity the circumstances constituting fraud . . ." At the very least, a complaint must allege "the time, place, and content of the alleged misrepresentation." *U.S. ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 501 F.3d 493, 509 (6th Cir. 2007) (*quoting U.S. ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 342 F.3d 634, 643 (6th Cir. 2003)). While Plaintiff asserts "fraudulent transfers" occurred beginning in 2011 by other entities, he fails to allege facts that show actual conduct of <u>Defendants</u> that would plausibly constitute fraudulent conduct on their part.[6] In the same manner as Plaintiff's assertion of statutory claims, finding that the amended complaint states a claim of fraud requires the Court to construct the claim for Plaintiff.

The second major shortcoming is that Plaintiff fails to address, let alone rebut, Defendants' sound and compelling argument that the crux of his lawsuit, i.e., whether Defendants have a legal right to enforce the mortgage loan and foreclose on the Property, is a matter that has already been conclusively determined in favor of Defendants in previous

---

[6] Generally, in order to prevail on a claim for fraud or intentional misrepresentation, a party must establish: (1) a defendant made a representation of an existing or past fact; (2) the representation was false when made; (3) the representation was in regard to a material fact; (4) the false representation was made either knowingly or without belief in its truth or recklessly; (5) the plaintiff reasonably relied on the misrepresented material fact; and (6) the plaintiff suffered damages as a result of the misrepresentation. *Diggs v. LaSalle National Bank Assoc.*, 387 S. W. 3d 559, 564 (W. D. Tenn. 2012).

litigation. In the 2017 Bankruptcy Case, the Bankruptcy Judge specifically stated in its November 3, 2017, Order:

> The Court reviewed the original Note and Allonges with endorsements submitted into evidence by counsel for Gregory Funding, LLC, as servicer for AJX Mortgage Trust II, a Delaware Trust Wilmington Savings Fund Society, FSB, Trustee and found that Gregory Funding and AJX Mortgage Trust II, a Delaware Trust Wilmington Savings Fund Society, FSB, Trustee has standing to enforce its lien against the debtor's residence;

and:

> It is therefore ORDERED, Gregory Funding, LLC and AJX Mortgage Trust II, a Delaware Trust Wilmington Savings Fund Society, FSB, Trustee has standing to enforce its lien against the debtor's residence located at 543 Richmar Dr., Nashville, Tennessee 37211.

*See* Docket Entry No. 19-6.[7] This Order was affirmed upon appeal to this Court. *See* Memorandum and Order entered September 21, 2018 (Docket Entry No. 34) in *Akers v. Henry Hildebrand, III, et al.*, 3:17-01470.

In such a situation, the principles of *res judicata* apply to protect the finality of the Bankruptcy Court's judgement and to prevent the current re-litigation of the matter. *See Southall v. USF Holland, LLC*, No. 3:19-CV-01033, 2021 WL 396688, at *2 (M.D. Tenn. Feb. 3, 2021), *aff'd*, No. 21-5265, 2022 WL 221641 (6th Cir. Jan. 26, 2022). The doctrine of *res judicata* is an affirmative defense to claims brought by a party and provides that a final judgment on the merits of a prior action precludes the "parties or their privies from relitigating issues that were or could have been raised" in the prior action. *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995) (citing *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981)). *Res judicata* applies when there is: (1) a final decision on the merits by a court of competent

---

[7] The bankruptcy court's usage of "AJX" appears to be synonymous with "AJAX."

jurisdiction; (2) a subsequent action between the same parties or their "privies;" (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action. *Southall*, 2022 WL 221641 at *3.

Each of these elements is satisfied, and Plaintiff fails to show any basis upon which this Court should disregard the prior decision on this matter. Indeed, he does not even address the preclusive impact of the prior decision. Any claim or assertion by Plaintiff that fraud or a series of fraudulent transfers somehow prevents Defendants from having a valid legal right to enforce the terms of the mortgage loan and foreclose on the Property is a claim or assertion that has already been litigated and rejected. *Res judicata* is meant to prevent parties from re-litigating claims that have already been heard and decided, which is exactly what Plaintiff is attempting to do in this lawsuit.[8]

# RECOMMENDATION

For the reasons set out above, it is respectfully RECOMMENDED that the motion to dismiss (Docket Entry No. 18) filed by Defendants Gregory Funding and AJAX Mortgage Loan Trust 2019-F, Mortgage-Backed Securities, Series 2019-F, by U.S. Bank National Association, as Indenture Trustee be GRANTED and that the lawsuit be DISMISSED WITH PREJUDICE as to these Defendants pursuant to Fed. R. Civ. P. 21.[9]

---

[8] The Court notes that federal courts are required to give the same preclusive effect to prior state court decision as would a state court in a subsequent case and that the two state court cases brought by Plaintiff that are referenced by Defendants in their supporting memorandum may also be entitled to preclusive effect. *See* Docket Entry No. 19 at 5-6. However, Defendants have not provided the Court with the court orders and filings in those case that would permit the Court to find that *res judicata* applies, and the Court cannot merely rely upon Defendants' summary of those cases to that end.

[9] While the same shortcomings of the lawsuit would appear to apply to any claims against Defendant Wilson & Associates since those claims would be derivative of the claims against the

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

Respectfully submitted,

_____
BARBARA D. HOLMES
United States Magistrate Judge

---

other two Defendants, it has not joined in the motion to dismiss, and thus the undersigned cannot recommend dismissal of the entire action at this time.