IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JAMES G. AKERS, | ) |
|     Plaintiff, | ) |
| | ) NO. 3:21-cv-00693 |
| v. | ) JUDGE RICHARDSON |
| | ) |
| GREGORY FUNDING, et al., | ) |
| | ) |
|     Defendants. | ) |

### MEMORANDUM OPINION AND ORDER

Pending before the Court is a Report and Recommendation from the magistrate judge recommending dismissal of claims against Defendants Gregory Funding and AJAX Mortgage Loan Trust 2019-F, Mortgage Backed Securities, Series 2019-F, by U.S. Bank National Association, as Indenture Trustee (Doc. No. 24, "R&R"). The R&R was issued in response to these Defendants' motion to dismiss (Doc. No. 18, "Motion"), to which Plaintiff responded (Doc. No. 21, "Response"). Plaintiff has filed Objections to the magistrate judge's Report and Recommendation (Doc. No. 25, "Objections"). Defendants did not respond to the Objections.

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district court must review *de novo* any portion of the report and recommendation to which a proper objection is made. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the recommended disposition, review further evidence, or return the matter to the magistrate judge with instructions. *Id*. Fed. R. Civ. P. 72(b)(2) provides that a party may file "specific written objections" to a report and recommendation, and Local Rule 72.02(a) provides that such objections must be written and must state with particularity the specific

portions of the magistrate judge's report or proposed findings or recommendations to which an objection is made.[1]

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(3), the Court has reviewed *de novo* the Report and Recommendation, Plaintiff's Objections, and the file.

## BACKGROUND

The factual and procedural background is fully set forth in the R&R. (Doc. No. 24 at 1–4). *Pro se* Plaintiff James G. Akers claims ownership of the property located at 543 Richmar Drive in Nashville, Tennessee ("the Property"). Plaintiff first filed an Emergency Petition for Declaratory and Injunctive Relief (Doc. No. 1) against several defendants, alleging that the defendants were fraudulently involved with a "Substitute Trustee's Sale" of the Property, along with a Motion for Emergency Temporary Restraining Order ("TRO") (Doc. No. 2, "TRO Motion") to stop the sale of the Property. The Court denied the TRO Motion for lack of federal subject matter jurisdiction. (Doc. No. 8). The Court then denied a subsequent Amended TRO Motion that, while sufficiently alleged a basis for federal subject-matter jurisdiction, failed to meet the procedural and substantive requirements for the issuance of a TRO. (Doc. No. 13).

Plaintiff alleges that his wife, Deborah Akers, entered into a mortgage on the Property in 2003, and Plaintiff was a signatory on the deed of trust that was contemporaneously executed to secure the mortgage note. Plaintiff alleges that over a decade later, he "purchased all lawfully remaining interests" of his wife pursuant to "Title 15 U.S.C. § 1701j-3(d)(6)." (Doc. No. 1 at ¶

---

[1] The Local Rule also provides that any objections must be accompanied by sufficient documentation including, but not limited to, affidavits, pertinent exhibits, and if necessary, transcripts of the record to apprise the District Judge of the bases for the objections. Also, a separately filed supporting memorandum of law must accompany the objections. Local Rule 72.02(a).

25). Plaintiff alleges that the mortgage thereafter underwent a series of fraudulent transfers involving the three named defendants: Gregory Funding ("Gregory"); Wilson & Associates, PLLC ("Wilson & Associates"); and U.S. Bank, N.A., "'for and on behalf of the Ajax Mortgage Loan Trust 2019-F, Mortgage-Backed Securities by U.S. Bank N.A.' as successor-in-interest for former 'Ajax Mortgage Loan Trust II, a Delaware Trust, Wilmington Savings Fund Society, FSB, Trustee'" ("U.S. Bank"). In addition to requesting injunctive relief to stop Defendants from pursuing the foreclosure sale of the property, Plaintiff requests a declaratory judgment "clearly defining" the respective legal rights of the parties, as well as attorneys' fees and costs. (Doc. No. 1 at 13–16).

U.S. Bank (the current holder of the mortgage) and Gregory (the loan servicer for U.S. Bank) jointly filed the Motion that is the subject of the R&R. Defendants' Motion seeks dismissal under Rule 12(b)(6) for failure to state a claim and asserts that Plaintiff's request for injunctive relief was mooted by the foreclosure sale of the Property that took place on September 8, 2021.[2] The R&R recommends that the Motion be granted and that this action be dismissed with prejudice as to Defendants U.S. Bank and Gregory. (Doc. No. 24 at 12). In response to the R&R, Plaintiff raises 13 objections, asks that the Motion be denied, and requests leave to file a "Supplemental Petition for Declaratory and Injunctive Relief" pursuant to Fed. R. Civ. P. 15(d)[3]. (Doc. No. 25 at 18).

---

[2] The R&R notes that a Trustee's Deed memorializing the sale was recorded with the Davidson County Register of Deeds, and provides the date of such recording as September 20, 2022. (Doc. No. 24 at 4–5). The reference to "2022" obviously is a typographical error, as 2021 necessarily was the intended year of reference here.

[3] The Court will construe Plaintiff's request under Fed. R. Civ. P. 15(d) generously to actually constitute a request to file an amended pleading pursuant to Fed. R. Civ. P. 15(a) because although Plaintiff requests leave to file what he terms a "First Supplemental Petition for Declaratory & Injunctive Relief" ("Supplemental Petition") under Rule 15(d), the proposed filing does not appear

**DISCUSSION**

A. Objections

The failure to properly, specifically, and timely object to a report and recommendation releases the Court from its duty to independently review the matter. *Frias v. Frias*, No. 2:18-cv-00076, 2019 WL 549506, at *2 (M.D. Tenn. Feb. 12, 2019). "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object. Moreover, an objection that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an objection as that term is used in this context." *Frias*, 2019 WL 549506, at *2 (internal citations and quotation marks omitted). The district court is not required to review, under a *de novo* or any other standard, those aspects of the report and recommendation to which no objection is made. *Ashraf v. Adventist Health System/Sunbelt, Inc.*, 322 F. Supp. 3d 879, 881 (W.D. Tenn. 2018); *Benson v. Walden Security*, No. 3:18-cv-0010, 2018 WL 6322332, at *3 (M.D. Tenn. Dec. 4, 2018). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *Id.*

Thus, while Plaintiff raises 13 issues in the Objections, the Court need review only those issues that reflect a proper objection, as the term is used in this context, to the R&R. After reviewing each "objection" presented by Plaintiff, the Court finds that none meet the definition set forth in *Frias* for a proper objection that would trigger the Court's duty to conduct a *de novo* (or indeed any) review. As explained in more detail below, for each "objection," Plaintiff has failed

---

to relate to any "transaction, occurrence, or event that happened *after* the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d) (emphasis added). Instead, Plaintiff seeks leave to file this supplementation in order to present "three documents" that set forth "numerous particularly relevant attachments and exhibits." (Doc. No. 25 at 13). The Court will address this Rule 15 "motion" below.

to either raise a specific objection to the magistrate's findings, do more than raise a mere disagreement with the magistrate's suggested resolution, or go beyond summarizing what Plaintiff has previously presented:

- Plaintiff states, "Objection" in response to the R&R's ultimate recommendation that the Motion to Dismiss be granted. (Doc. No. 25 at 5). Because Plaintiff provides no additional context for this general statement, this disagreement with the magistrate's suggested resolution alone is not a proper objection and will not be given *de novo* (or indeed any) review by the Court.

- Plaintiff objects to the statement in the Background section of the R&R that U.S. Bank is the Property's current mortgage holder and Gregory is the loan servicer for U.S. Bank. (Doc. No. 25 at 5). Plaintiff's objection states, "This statement is patently false – and would certainly and easily be exposed as such with proper evidence presented to any impartial finder of fact." (*Id*. at 6). The R&R cites paragraphs 9 and 10 of the Amended Complaint (Doc. No. 9) for the statement. (Doc. No. 24 at 3). The Court finds that the statement is merely a recitation of the factual allegations that Plaintiff *himself* included in the Amended Complaint regarding the series of transfers that led to U.S. Bank claiming ownership of the mortgage, and regarding Gregory being the loan servicer for U.S. Bank. The Court does not read this statement in the R&R to take any position as to whether U.S. Bank is the rightful mortgage holder, and instead finds that it is meant to provide background information regarding the various parties' claimed relationship to the Property. Thus, Plaintiff's argument does not constitute a proper objection to the R&R.

- Plaintiff responds to the R&R's finding that 12 U.S.C. § 1701-j-3(d)(6) is inapplicable because Plaintiff did not assert in the Amended Complaint that Defendants asserted rights

under a due-on-sale clause. (Doc. No. 25 at 6). Plaintiff does not raise a proper objection to this finding; instead, Plaintiff merely (literally) underlines various portions of the statute that he claims are applicable. This is not enough to constitute an actual objection, particularly because Plaintiff fails to identify any assertion in the Amended Complaint that claims that any Defendant invoked a due-on-sale clause.

- Plaintiff states, "Objection" in response to the statement in the R&R's Background section that "Plaintiff contends that the mortgage underwent a series of fraudulent transfers among various entities beginning in 2011 and that any assertion by Gregory and U.S. Bank that they have a valid legal interest in the Property is therefore flawed and legally unenforceable." (Doc. No. 25 at 7). Plaintiff appears to state this "objection" only to clarify that he disputes Defendants' claimed interest in the Property and to generally point the Court to his Response to the Motion to Dismiss. (*Id*.). This is not a specific objection to any finding in the R&R.

- Though the Court has undertaken considerable effort to understand the nature of Plaintiff's "objection" on pages seven through nine of his Objections, the Court cannot identify any specific objections to any particular issues implicated in the R&R. In this section, Plaintiff first includes two paragraphs of the R&R that summarize the arguments contained in the Motion to Dismiss and Plaintiff's Response. This does not present any specific objection warranting *de novo* (or indeed any) review by the Court. Then, Plaintiff pivots to state that Defendants "cannot even possibly be immunized by favorable court rulings in 2014 and 2017," and references several "supplemental" documents that were not originally attached to the Amended Complaint (which Plaintiff now seeks to submit via a Supplemental Petition under Rule 15, as described above). (Doc. No. 25 at 8–9). It is not clear to the

Court what findings in the R&R Plaintiff purports to dispute by making this statement and referring to these supplemental documents. Without knowing what specifically Plaintiff objects to here, the Court cannot undergo a related review of any matters that are the subject of the R&R. Finally, Plaintiff makes an allegation that certain documents filed by "counsel for Gregory" are "blatantly forged." (*Id*. at 9). The Court does not see how this allegation relates to any findings in the R&R, nor can the Court even identify the documents to which Plaintiff refers when making such allegations. Therefore, the Court does not view any of Plaintiff's arguments on pages seven through nine of his Objections to be a cognizable objection warranting *de novo* (or indeed any) review of any specific, cognizable part of the R&R.

- Plaintiff objects to the magistrate judge's holding that any "summaries or self-created compilations of information that have been submitted by the parties" are "not appropriate for Rule 12(b)(6) review." (Doc. No. 25 at 9). Plaintiff responds to this holding by recounting the substance of what is contained in these documents that the magistrate judge declined to consider. This does not present any response to the magistrate judge's holding regarding the Court's inability to consider self-created compilations of information submitted by the parties on review of a 12(b)(6) motion. Plaintiff then argues that the Court should not consider the "chaotic" and "meaningless" documents submitted by Defendant Gregory, without identifying the particular documents to which he (Plaintiff) refers or identifying any specific issues with such documents. The Court does not perceive any proper objection to be included in these arguments and thus will not conduct any review of the magistrate's decision to decline to consider self-created compilations or summaries of information submitted by any party in conjunction with the Motion.

- On pages 10–11 of the Objections, Plaintiff responds to the R&R's general conclusion that the Motion should be granted by pasting the text of Rule 15(d) and related Advisory Committee notes. (Doc. No. 25 at 10–11). Because Plaintiff includes no argument here, the Court does not construe this to be a proper objection. The Court will discuss below what the Court construes to be Plaintiff's Rule 15 motion.

- Plaintiff responds to the R&R's holding that "there are no specific legal causes of action actually asserted in the Amended Complaint" by stating that "the Magistrate judge is correct to the extent of her statement *per se*." (Doc. No. 25 at 11). The Court does not understand what exactly Plaintiff means by this statement, but the Court's best reading of this statement is that Plaintiff is expressing agreement rather than disagreement with the R&R here. Plaintiff then makes a statement about Section 1692k(d) being "sufficiently invoke[d]" by the "Congressional findings and declarations of purpose" under Title 15 USC Section 1692. (*Id.*). Again, even granting Plaintiff leniency as a *pro se* litigant, the Court does not understand Plaintiff's argument and cannot make any argument on his behalf. The Court thus declines to find a proper objection here.

- On pages 11–13 of the Objections, Plaintiff responds to Footnote 5 of the R&R (declining to address the issue of whether this case is now moot) and a statement on page eight of the R&R (stating that "the FDCPA does not authorize declaratory or injunctive relief in private actions."). (Doc. No. 24 at 7, 8 and Doc. No. 25 at 11–13). Plaintiff's response appears to argue that monetary damages were not ascertainable at the time the Amended Complaint was filed but are now ascertainable and would be identified in Plaintiff's proposed Supplemental Petition. (Doc. No. 25 at 12). An objection to an R&R is not a proper avenue to bring a Rule 15 motion for leave to file an amended complaint. And even if it were, the

Court does not view Plaintiff's argument to raise any specific objection to the R&R's finding. Instead, Plaintiff presents an entirely different issue (the ascertainability of money damages) that does not appear to relate to the magistrate judge's holdings regarding either mootness or the FDCPA disallowing a plaintiff to seek declaratory or injunctive relief in private actions. Additionally, regarding the R&R's treatment of the mootness issue, Plaintiff could not possibly have a valid complaint, because such treatment inured to his benefit by disregarding *Defendants'* argument. The Court thus will not conduct a *de novo* (or indeed any) review of the topics Plaintiff mentions found in footnote 5 or on page eight of the R&R.

- Plaintiff objects to the magistrate judge's holding that Plaintiff stated no legal causes of action in the Amended Complaint and that the Court has no duty to "ferret out from attachments to a pleading the potential claims that might exist." (Doc. No. 25 at 13). Plaintiff responds by arguing that Plaintiff's "forthcoming" "Supplemental Petition" will clarify Plaintiff's causes of action. (*Id.*). The Court again notes that an objection to an R&R is not a proper avenue to seek leave to amend a complaint. Furthermore, this does not actually present a proper objection to the magistrate judge's conclusion that Plaintiff failed to state any actual causes of action—in fact, by offering to cure this deficiency via a proposed Supplemental Petition, and by stating here that "[a]gain, the Magistrate judge is correct to the extent of her statement *per se*[,]" (*id*. at 13), Plaintiff's response here seems to concede that Plaintiff did not state any cognizable cause of action in the Amended Complaint. The Court thus finds no specific objection and will not review the R&R's conclusion that Plaintiff stated no legal causes of action in the Amended Complaint.

- On page 14, Plaintiff responds to the magistrate judge's holding that Plaintiff was not permitted to amend his complaint via a response in opposition to a motion to dismiss (and that even if he were permitted to do so, he still would not have sufficiently stated a claim). (Doc. No. 25 at 14–15). Plaintiff's response consists of another request to file a Supplemental Petition to clarify his causes of action. This response does not object to any finding in the R&R, and instead is viewed by the Court as another procedurally improper request for leave to amend, which the Court addresses below.
- Plaintiff objects to the magistrate judge's holding that Plaintiff failed to adequately allege fraud by generally pointing the Court to his Response to the Motion to Dismiss. (Doc. No. 25 at 14–15). The Court finds that this is not a proper objection and instead "simply summarizes what has been presented before." *Frias*, 2019 WL 549506, at *2.
- Plaintiff concludes the Objections with a summary titled "Collective Reasons for Objections." (Doc. No. 25 at 16–18). After reviewing this summary, the Court finds no additional arguments that constitute a proper objection.

B. <u>Rule 15 Motion</u>

Throughout the Objections, Plaintiff asks the Court to consider arguments, allegations, and documentary evidence set forth in Plaintiff's Supplemental Petition, which Plaintiff seeks to file via Rule 15(d). As previously described, such a request is more properly brought via Rule 15(a) because it does not appear that the Supplemental Petition, as described by Plaintiff in the Objections, "set[s] out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d).

Nonetheless, the Sixth Circuit has held that a "request for leave to amend almost as an aside, [made] to the district court in a memorandum in opposition to the defendant's motion to

dismiss is . . . not a motion to amend." *La. Sch. Emps. Ret. Sys. v. Ernst & Young, LLP*, 622 F.3d 471, 486 (6th Cir. 2010). Likewise, Plaintiff making repeated references to a Supplemental Petition throughout his Objections to an R&R is not a motion to amend. The Court thus declines to consider whether to allow the amendment of the Amended Complaint via the Supplemental Petition.

## CONCLUSION

The Court understands that Plaintiff may naturally be upset and frustrated by the alleged circumstances underlying the Amended Complaint and by the magistrate judge's recommendation(s). The Court also understands that Plaintiff must be afforded a measure of leniency because he is proceeding *pro se*. Even so, the Court must uphold very basic standards for stating a cognizable claim and for making a cognizable objection to a report and recommendation. And Plaintiff fails to meet even these relatively low bars.

For the reasons discussed herein, the magistrate judge's Report and Recommendation (Doc. No. 24) regarding the Motion (Doc. No. 18) is **ADOPTED**. The Motion is (Doc. No. 18) is thus **GRANTED** and Defendants U.S. Bank and Gregory are hereby dismissed from this action.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE