IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JAMES G. AKERS | ) |
| | ) |
| v. | ) NO. 3:21-00693 |
| | ) |
| GREGORY FUNDING, et al. | ) |

**TO:** Honorable Eli Richardson, District Judge

## R E P O R T   A N D   R E C O M E N D A T I O N

This *pro se* civil case has been referred to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72 of the Federal Rules of Civil Procedure, and the Local Rules of Court. *See* Order September 8, 2021 (Docket Entry No. 13).

Presently pending before the Court is the motion for summary judgment (Docket Entry Nos. 26 and 27) filed by Defendant Wilson & Associates, PLLC.[1] The motion is opposed by Plaintiff. For the reasons set out below, the undersigned respectfully recommends that the motion be denied, but the Court nonetheless recommends that Defendant Wilson & Associates, PLLC, be dismissed from the action for other reasons and that this action be dismissed in its entirety.

### I. BACKGROUND

In light of the Court's prior Report and Recommendation (Docket Entry No. 24) and Memorandum Opinion and Order (Docket Entry No. 32), the Court assumes the parties'

---

[1] Defendant has actually filed two motions for summary judgment. However, the first motion (Docket Entry No. 26) did not contain a proper certificate of service and Defendant then refiled the motion in its entirety with a proper certificate of service (Docket Entry No. 27). Given that the two motions are otherwise identical, the Court refers to them collectively as a single motion.

familiarity with the case. Only those factual and procedural background facts necessary to explain or give context to this report and recommendation are recited herein.

On September 3, 2021, James G. Akers ("Plaintiff") filed this *pro se* lawsuit, naming as defendants Gregory Funding ("Gregory"), U.S. Bank, N.A., "'for and on behalf of the Ajax Mortgage Loan Trust 2019-F, Mortgage-Backed Securities by U.S. Bank N.A.' as successor-in-interest for former 'Ajax Mortgage Loan Trust II, a Delaware Trust, Wilmington Savings Fund Society, FSB, Trustee'" ("U.S. Bank"), and Wilson & Associates, PLLC, ("Wilson & Associates").

The lawsuit concerns property located at 543 Richmar Drive, Nashville, Tennessee ("the Property") that was the former residence of Plaintiff and his wife. *See* Emergency Petition (Docket Entry No. 1). U.S. Bank held the mortgage to the Property, Gregory was the loan servicer for U.S. Bank, and Wilson & Associates is an Arkansas law firm that acted as a substitute trustee and counsel in transactions involving the Property and mortgage. Plaintiff alleges that he has ownership of the Property, that Defendants do not have a legal interest in the Property, and that Defendants were involved in a fraudulent "Substitute Trustee's Sale" of the Property.[2] Specifically, Plaintiff alleges that the mortgage for the Property underwent a series of fraudulent transfers among various entities beginning in 2011 and that any assertion by Gregory and U.S. Bank that they have a valid legal interest in the Property is therefore flawed and legally unenforceable. Amended Petition (Docket Entry No. 9) at ¶¶ 3, 24, 27, and 31.

---

[2] The Property was sold to a third party at a foreclosure sale on September 8, 2021, and a Trustee's Deed memorializing the sale was recorded with the Davidson County Register of Deeds on September 20, 2021. *See* Docket Entry No. 19-1.

Although Plaintiff's requests for temporary restraining orders to stop the sale were denied, *see* Orders entered September 3, 2021 (Docket Entry No. 8), and September 8, 2021 (Docket Entry No. 13), the case proceeded against Defendants pursuant to diversity jurisdiction and federal question jurisdiction based upon assertions in Plaintiff's Amended Petition that reiterated his allegations of fraud and also invoked Section 1692k(d) of the Federal Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq*. *See* September 8, 2021, Order at 2.

Gregory and U.S. Bank filed a joint motion to be dismissed that Plaintiff opposed. A Report and Recommendation was entered that recommended that the motion be granted. By the Memorandum Opinion and Order entered July 12, 2022, the Court adopted the Report and Recommendation over Plaintiff's objections, granted the motion, and dismissed Gregory and U.S. Bank from the case. The only Defendant remaining in the case is therefore Wilson & Associates.

Wilson & Associates filed an answer (Docket Entry No. 14) but did not join in the motion to dismiss. Subsequent to entry of the Report and Recommendation, however, Wilson & Associates filed the pending motion for summary judgment. The motion totals two pages and includes no supporting evidence. The entire basis for the motion is the following statement that is set out in the body of the motion, "Rule 10(c) of the Federal Rules of Civil Procedure provides that a statement in a pleading may be adopted in any other pleading or motion. Wilson adopts by reference all of the statements and arguments made by [Gregory and U.S. Bank] in its pleadings in support of this motion for summary judgment." *See* Motion for Summary Judgment at 1.

Plaintiff responds in opposition to the motion by (1) "re-stating and incorporating" the arguments made in his response to Gregory and U.S. Bank's motion to dismiss and in his objections to the Report and Recommendation and (2) setting out four paragraphs of arguments that are primarily directed at why Gregory and U.S. Bank should not be dismissed from the case. *See* Response (Docket Entry No. 30).

## II. ANALYSIS AND CONCLUSIONS

The motion for summary judgment filed by Wilson & Associates suffers from significant shortcomings that require that the motion be denied. Procedurally, the motion fails to comply with Local Rule of Court 7.01(a)(2), which requires that every motion that may require the resolution of an issue of law must be accompanied by a separately filed memorandum of law, and with Local Rule 56.01(b), which requires that every motion for summary judgment must be accompanied by a separate, concise statement of the material facts as to which the moving party contends there is no genuine issue for trial. Additionally, because a motion to dismiss is not a "pleading," *see* Rule 7(a) of the Federal Rules of Civil Procedure, Wilson & Associates cannot rely upon Rule 10(c), which applies only to pleadings, to "adopt by reference" the motion to dismiss that was filed by its former co-defendants. If Wilson & Associates wanted to join in the motion to dismiss that was filed by Gregory and U.S. Bank, it should have sought to join in the motion prior to the Report and Recommendation on the motion. Finally, the motion for summary judgment is substantively deficient because it contains no actual legal argument as to why summary judgment should be granted in favor of Wilson & Associates.

Although Wilson and Associates' motion for summary judgment simply cannot be granted in the manner that it has been presented, given the Court's Memorandum and Opinion

4

that adopted the recommendation for the dismissal of Gregory and U.S. Bank and ultimately dismissed these two Defendants, there is no basis in this case for a legal claim against Wilson & Associates that would warrant continued proceedings in the case. The grounds set out in the Report and Recommendation for the dismissal of Gregory and U.S. Bank were: (1) Plaintiff failed to actually state any specific legal causes of action in his Amended Complaint, let alone state allegations of factual conduct on the part of Defendants that are linked to a specific cause of action; (2) Plaintiff's allegations of fraud are conclusory and insufficient and do not satisfy the particularity requirement of Federal Rule of Civil Procedure 9(b); and, (3) any claim by Plaintiff based on allegations that fraud or a series of fraudulent transfers prevented Defendants from asserting a valid legal right to enforce the terms of the mortgage loan and to foreclose on the Property was a claim that is barred from being heard because the claim has already been litigated and rejected in prior legal proceedings. *See* Report and Recommendation at 7-12. Plaintiff failed to raise proper and persuasive objections to any of these grounds for dismissal, and the Report and Recommendations was adopted.

The same failure of Plaintiff's pleading to set out any actual legal causes of action and to set out sufficient allegations of fraud that existed with respect to Gregory and U.S. Bank exists with the same consequence and import to Wilson & Associates. Given that the Court found that this shortcoming was a fatal one that required the dismissal of Gregory and U.S. Bank, there is likewise a fatal shortcoming as it pertains to Wilson & Associates, and Plaintiff likewise fails to state a legal claim for relief against Wilson & Associates. In and of itself, this requires the dismissal of Wilson & Associates from the case under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Furthermore, the actions Wilson & Associates took with respect to the Property were taken as an agent on behalf of Gregory and U.S. Bank. Any claim against Wilson & Associates (although one is not actually asserted as noted *supra*), would be a derivative claim arising from Plaintiff's underlying allegations that Gregory and U.S. Bank failed to have a legal interest in the Property and committed fraud in pursing this legal interest to foreclose and sell the Property. However, one of the reasons for the dismissal of Gregory and U.S. Bank was that this underlying premise for Plaintiff's lawsuit was not a viable basis to pursue claims against Gregory and U.S. Bank. Accordingly, this basis for dismissal of Gregory and U.S. Bank would likewise require the dismissal of Wilson & Associates. *See*, *e.g.*, *Knight v. Bank of Am.*, 2016 WL 6600041 at *5 (E.D.Mich. Nov. 8, 2016) (the plaintiff's claim that defendant was liable for perceived violations of the FDCPA was derivative of, and contingent upon the viability of, plaintiff's allegations that the underlying foreclosure was unlawful and there was no grounds for a claim under the FDCPA upon plaintiff's failure to state a claim based upon the lawfulness of the foreclosure); *Wright v. Mortg. Elec. Registration Sys., Inc*, 2012 WL 1060069 at *6 (E.D.Mich. Mar. 29, 2012) (the plaintiff's FDCPA claims against law firm involved in mortgage foreclosure were derivative of the plaintiff's wrongful foreclosure claim and were subject to dismissal because there was no basis for the wrongful foreclosure claim against the plaintiff's creditors).

## R E C O M M E N D A T I O N

For the reasons set out above, it is respectfully RECOMMENDED that:

1) the motions for summary judgment (Docket Entry Nos. 26 and 27) filed by Defendant Wilson & Associates, PLLC, be DENIED;

2) Defendant Wilson & Associates be DISMISSED from the case because Plaintiff fails to state a claim for relief against Wilson & Associates, PLLC;[3] and,

3) this action be DISMISSED.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge

---

[3] This Report and Recommendation and the fourteen-day period for objections to be filed by the Plaintiff satisfy the procedural requirements for a *sua sponte* grant of dismissal under Rule 12(b)(6) for failure to state a claim. *See Morrison v. Tomano*, 755 F.2d 515, 516-17 (6th Cir. 1984).