IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JAMES G. AKERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) NO. 3:21-cv-00693 |
| v. | ) JUDGE RICHARDSON |
| | ) |
| GREGORY FUNDING, et al., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM OPINION AND ORDER

Pending before the Court is a Report and Recommendation from the magistrate judge recommending that the motions for summary judgment (Doc. Nos. 26 and 27, "Motions") filed by Defendant Wilson & Associates, PLLC ("Defendant"), be denied, that Defendant Wilson & Associates be dismissed from the case, and that the action be dismissed. (Doc. No. 33, "R&R"). The R&R was issued in response to the Motions to which Plaintiff responded (Doc. No. 30, "Response"). Plaintiff has filed Objections to the magistrate judge's Report and Recommendation (Doc. No. 34, "Objections"). Defendant did not respond to the Objections.

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district court must review *de novo* any portion of the report and recommendation to which a proper objection is made. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the recommended disposition, review further evidence, or return the matter to the magistrate judge with instructions. *Id*. Fed. R. Civ. P. 72(b)(2) provides that a party may file "specific written objections" to a report and recommendation, and Local Rule 72.02(a) provides that such objections must be written and must state with particularity the specific

portions of the magistrate judge's report or proposed findings or recommendations to which an objection is made.[1]

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(3), the Court has reviewed *de novo* the Report and Recommendation, Plaintiff's Objections, and the file.

## BACKGROUND

The factual and procedural background is set forth relevant part in the R&R. (Doc. No. 33 at 2–4). *Pro se* Plaintiff James G. Akers claims ownership of the property located at 543 Richmar Drive in Nashville, Tennessee ("the Property"). Plaintiff first filed an Emergency Petition for Declaratory and Injunctive Relief (Doc. No. 1) against several defendants, alleging that the defendants were fraudulently involved with a "Substitute Trustee's Sale" of the Property, along with a Motion for Emergency Temporary Restraining Order ("TRO") (Doc. No. 2, "TRO Motion") to stop the sale of the Property. The Court denied the TRO Motion for lack of federal subject matter jurisdiction. (Doc. No. 8). The Court then denied a subsequent Amended TRO Motion that, while sufficiently alleging a basis for federal subject-matter jurisdiction, failed to meet the procedural and substantive requirements for the issuance of a TRO. (Doc. No. 13).

Plaintiff alleges that his wife, Deborah Akers, entered into a mortgage on the Property in 2003, and that Plaintiff was a signatory on the deed of trust that was contemporaneously executed to secure the mortgage note. Plaintiff alleges that over a decade later, he "purchased all lawfully remaining interests" of his wife pursuant to "Title 15 U.S.C. § 1701j-3(d)(6)." (Doc. No. 1 at ¶ 25). Plaintiff alleges that the mortgage thereafter underwent a series of fraudulent transfers

---

[1] The Local Rule also provides that any objections must be accompanied by sufficient documentation including, but not limited to, affidavits, pertinent exhibits, and if necessary, transcripts of the record to apprise the District Judge of the bases for the objections. Also, a separately filed supporting memorandum of law must accompany the objections. Local Rule 72.02(a).

involving the three named defendants: Gregory Funding ("Gregory"); Wilson & Associates, PLLC ("Wilson & Associates"); and U.S. Bank, N.A., "'for and on behalf of the Ajax Mortgage Loan Trust 2019-F, Mortgage-Backed Securities by U.S. Bank N.A.' as successor-in-interest for former 'Ajax Mortgage Loan Trust II, a Delaware Trust, Wilmington Savings Fund Society, FSB, Trustee'" ("U.S. Bank"). In addition to requesting injunctive relief to stop Defendants from pursuing the foreclosure sale of the property, Plaintiff requests a declaratory judgment "clearly defining" the respective legal rights of the parties, as well as attorneys' fees and costs. (Doc. No. 1 at 13–16). U.S. Bank (the current holder of the mortgage) and Gregory (the loan servicer for U.S. Bank) filed a motion to dismiss for failure to state a claim (Doc. No. 18) which was granted. (Doc. No. 32). U.S. Bank and Gregory were therefore dismissed, leaving Wilson & Associates, PLLC as the only remaining Defendant.

The R&R recommends that the Motions be denied but that this action be dismissed as to Defendant. (Doc. No. 33 at 7). In response to the R&R, Plaintiff raises six objections. (Doc. No. 34 at 6-18).

## DISCUSSION

A. Objections

The failure to properly, specifically, and timely object to a report and recommendation releases the Court from its duty to independently review the matter. *Frias v. Frias*, No. 2:18-cv-00076, 2019 WL 549506, at *2 (M.D. Tenn. Feb. 12, 2019). "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object. Moreover, an objection that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an objection as that term is used in this context." *Frias*, 2019 WL 549506,

at *2 (internal citations and quotation marks omitted). The district court[2] is not required to review, under a *de novo* or any other standard, those aspects of the report and recommendation to which no objection is made. *Ashraf v. Adventist Health System/Sunbelt, Inc.*, 322 F. Supp. 3d 879, 881 (W.D. Tenn. 2018); *Benson v. Walden Security*, No. 3:18-cv-0010, 2018 WL 6322332, at *3 (M.D. Tenn. Dec. 4, 2018). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *Id.*

Thus, while Plaintiff raises six objections, the Court need review only those issues that reflect a proper objection, as the term is used in this context, to the R&R. After reviewing each "objection" presented by Plaintiff, the Court finds that none meet the definition set forth in *Frias* for a proper objection that would trigger the Court's duty to conduct a *de novo* (or indeed any) review. As explained in more detail below, for each "objection," Plaintiff has failed to either raise a specific objection to the magistrate's findings, do more than raise a mere disagreement with the magistrate's suggested resolution, or go beyond summarizing what Plaintiff has previously presented:

- Plaintiff objects to the statement in the Background section of the R&R that "'U.S. Bank held the mortgaged to the Property's, Gregory was the loan servicer for U.S. Bank, and Wilson & Associates is an Arkansas law firm that acted as a substitute trustee and counsel in transactions involving the Property and mortgage.'" (Doc. No. 34 at 6 (quoting, albeit without any citation, Doc. No. 33 at 2)). The Court finds that this statement is not clearly erroneous. (Doc. No. 19-1 (trustee's Deed showing that Defendant is successor trustee to U.S. Bank)). Plaintiff cites Tenn. Code Ann. 47-3-203 seemingly to assert that Defendant

---

[2] Generally, references herein (a) to the "district court" are references to the district judge (as contrasted with the magistrate judge), and (b) to "the Court" are references to the undersigned district judge (as opposed to the magistrate judge who filed the R&R).

is not a valid transferee because Defendant engaged in fraud or illegality affecting the property. But Plaintiff does not make sufficient allegations of fraud against Defendant. The allegations of fraud in the Amended Petition (Doc. No. 9 "Petition") are just as conclusory as those against Gregory and U.S. Bank. (Doc. No. 24 at 10).

- Plaintiff objects to the R&R's finding that

    "[T]here is no basis in this case for a legal claim against Wilson & Associates that would warrant continued proceedings in the case. The grounds set out in the Report and Recommendation for the dismissal of Gregory and U.S. Bank were:

    (1) Plaintiff failed to actually state any specific legal causes of action in his Amended Complaint, let alone state allegations of factual conduct on the part of Defendants that are linked to a specific cause of action;

    (2) Plaintiff's allegations of fraud are conclusory and insufficient and do not satisfy the particularity requirement of Federal Rule of Civil Procedure 9(b); and,

    (3) any claim by Plaintiff based on allegations that fraud or a series of fraudulent transfers prevented Defendants from asserting a valid legal right to enforce the terms of the mortgage loan and to foreclose on the Property was a claim that is barred from being heard because the claim has already been litigated and rejected in prior legal proceedings."

(Doc. No. 34 at 8 (quoting, albeit without any citation, Doc. No. 33 at 5)). Plaintiff here seems to object to the propositions (i) that the three grounds for dismissal of Gregory and U.S. Bank set out in the first Report and Recommendation, which the Court thereafter adopted (Doc. No. 32), and which underly the R&R's recommendation to dismiss Wilson & Associates also, are valid and (ii)

that there is no basis for a legal claim against Wilson & Associates, (Doc. No. 24).³ Plaintiff has not set forth an explanation for why any of the three grounds for dismissal of Gregory and U.S. Bank are clearly erroneous or contrary to law. Plaintiff does not reference the Complaint at all in his objection and therefore does not explain how the finding that the Plaintiff has failed to state a specific cause of action and only makes conclusory allegations is incorrect. Plaintiff also does not explain how his claims are not precluded. Therefore, Plaintiff's objection to the finding that there is no basis for a claim against Wilson & Associates is unsupported. Also, Plaintiff's commentary and citation of authority regarding declaratory judgments (Doc. No. 34 at 9-13), is not an objection to anything at all, and even if it was, it would be an immaterial one because the issue of whether Plaintiff should receive a declaratory judgment (which is a question of *remedies*) is not even reached unless and until Plaintiff shows—which he never does— that he has a valid claim, contrary to the conclusion in the R&R. Thus, this objection is rejected.

- Plaintiff's third objection is similar to the one above in that it objects to (i) that Plaintiff failed to set out any legal causes of action and sufficient allegations of fraud against Gregory and U.S. Bank and (ii) that this failure also defeats any claim against Defendant under Rule 12(b)(6). (Doc. No. 34 at 13-16).⁴ Plaintiff largely repeats his previous objection which does not explain how the Complaint did in fact set out legal causes of

---

³ Plaintiff does not seem to object to the R&R on the basis that it *incorrectly summarized* the grounds for previously dismissing Wilson & Associates' two co-Defendants. The objection (generously construed by the Court to make it more cognizable that it actually is, given issues with its intelligibility) is that the grounds for dismissing Gregory and U.S. Bank (which are accurately summarized in the R&R) are actually flawed and that therefore dismissing Defendant is also flawed.

⁴ Plaintiff does not seem to object to the R&R on the basis that it *incorrectly summarized* the grounds for previously dismissing Wilson & Associates' two co-Defendants. The objection (generously construed by the Court to make it more cognizable that it actually is, given issues with its intelligibility) is that the grounds for dismissing Gregory and U.S. Bank (which are accurately summarized in the R&R) are actually flawed and that therefore dismissing Defendant is also flawed.

- action there were not merely conclusory. The objection to the conclusion that the claims against Defendant are therefore unsupported and the objection is rejected.

- Plaintiff objects to the R&R's statement: "'Furthermore, the actions Wilson & Associates took with respect to the Property were taken as an agent on behalf of Gregory and U.S. Bank. Any claim against Wilson & Associates (although one is not actually asserted as noted *supra*), would be a derivative claim arising from Plaintiff's underlying allegations that Gregory and U.S. Bank failed to have a legal interest in the Property and committed fraud in pursuing this legal interest to foreclose and sell the Property'". (Doc. No. 34 at 16 (quoting, albeit without citation, Doc. No. 33 at 6)). Plaintiff argues that Defendant is only a "debt collector". *Id.* Even if Defendant meets the definition of "debt collector" cited by Plaintiff, that does not materially affect the objected-to conclusion that claims against Defendant are derivative claims arising from claims against Gregory and U.S. Bank, meaning the validity of claims against Defendant depend on the validity of claims against Gregory and U.S. Bank. Thus, the Court rejects this objection.

- Plaintiff objects to the magistrate judge's citation to *Knight v. Bank of Am.*, 2016 WL 6600041 (E.D. Mich. Nov. 8, 2016) on the grounds that the magistrate judge should have cited a different, allegedly "infinitely more appropriate [case] here. . . ." (Doc. No. 34 at 17). But Plaintiff fails to say why the court's choice of case law was *contrary to law* (or even why it was "infinitely [less] appropriate.") The Court does not see how this objection relates to any findings in the R&R, and therefore, the Court does not view any of Plaintiff's arguments on page 17 of his objections to be a material objection warranting *de novo* (or indeed any) review of any specific, cognizable part of the R&R.

- Plaintiff objects to the R&R's ultimate recommendation that Defendant and the action be dismissed and proposes its own recommendations for the Court. (Doc. No. 34 at 17). But Plaintiff here does nothing to show that the recommendation is based on clearly erroneous facts, is based on legal conclusions that are contrary to law, or should be overruled in whole or in part on *de novo review*. And to the extent that Plaintiff attempted to make such showings in his above-discussed prior objections, those attempts failed completely, as discussed above. Thus, this disagreement with the magistrate judge's suggested resolution alone is not a proper objection.

## CONCLUSION

The Court understands that Plaintiff may naturally be upset and frustrated by the alleged circumstances underlying the Amended Petition and by the magistrate judge's recommendation(s). The Court also understands that Plaintiff must be afforded a measure of leniency because he is proceeding *pro se*. Even so, the Court must uphold very basic standards for stating a claim upon which relief can be granted and for making a sustainable objection to a report and recommendation.

For the reasons discussed herein, the magistrate judge's Report and Recommendation (Doc. No. 33) regarding the Motions (Doc. Nos. 26 and 27) is **ADOPTED**. The Motions are thus **DENIED,** but all claims against Defendant nevertheless are **DISMISSED**.

As no additional claims remain pending, this is the final order in this case denying all relief, and so the Clerk shall enter judgment pursuant to Rule 58 and close the file.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE